1

2

3

4

5

6

7

8                      **UNITED STATES DISTRICT COURT**

9                      **EASTERN DISTRICT OF CALIFORNIA**

10

11  BENNIE LEN BULLOCK,                    )  Case No.: 1:13-cv-01233- LJO – JLT
                                           )
12              Plaintiff,                 )  ORDER GRANTING PLAINTIFF'S MOTION TO
                                           )  PROCEED IN FORMA PAUPERIS
13         v.                              )
                                           )  (Doc. 2)
14                                         )
                                           )  ORDER DISMISSING PLAINTIFF'S
15  PCL INDUSTRIAL SERVICES, INC.,         )  COMPLAINT WITH LEAVE TO AMEND
                                           )
16              Defendant.                 )
                                           )
17  _____ )

18         Plaintiff Bennie Bullock initiated this civil rights action against PCL Industrial Services, Inc.

19  ("Defendant" or "PCL") by filing a complaint and motion to proceed in forma pauperis on August 8,

20  2013.  (Docs. 1-2).  For the following reasons, Plaintiff's motion to proceed in forma pauperis is

21  **GRANTED** and the complaint is **DISMISSED WITH LEAVE TO AMEND**.

22  **I.       Motion to Proceed In Forma Pauperis**

23         The Court may authorize the commencement of an action without prepayment of fees "but a

24  person who submits an affidavit that includes a statement of all assets such person . . . possesses [and]

25  that the person is unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a).  The Court

26  has reviewed the application and has determined it satisfies the requirements of 28 U.S.C. § 1915(a).

27  Therefore, Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**.

28  *///*

                                              1

## II.      Screening Requirement

When an individual seeks to proceed *in forma pauperis*, the Court is required to review the complaint and shall dismiss a complaint, or portion of the complaint, if it is "frivolous, malicious or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2).  A plaintiff's claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."  *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

## III.     Pleading Requirements

The Federal Rules of Civil Procedure set forth the general requirements for adequate pleading. A complaint must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief."  Fed. R. Civ. P. 8(a).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner.  *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The purpose is to give the defendant fair notice of the claims against him, and the grounds upon which the complaint stands.  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).  The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action.  *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).  The Court clarified,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

1   *Iqbal*, 556 U.S. at 679 (citations omitted).  When factual allegations are well-pled, a court should

2   assume the truth and determine whether the facts would make the plaintiff entitled to relief; conclusions

3   in the pleading are not entitled to the same assumption of truth.  *Id.*  The Court may grant leave to

4   amend a complaint to the extent deficiencies of the complaint can be cured by amendment.  *Lopez v.*

5   *Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

6   **IV.    Plaintiff's Allegations**

7        Plaintiff alleges he worked for PCL until January 23, 2012.  (Doc. 1 at 2.)  Plaintiff asserts he

8   was "fired for refusing to sign a false misconduct report written by a foreman name[d] Carlyse

9   Gibson."  (*Id.*)  He alleges: "Mr. Gibson falsely claimed that Plaintiff threatened him and supported his

10  claim with statement[s] coerced and coaxed from members of his crew."  (*Id.*)  Plaintiff reports Mr.

11  Gibson and other crew members were "either foreign nationals or Mexicans," while "Plaintiff is Afro-

12  America (sic)."  (*Id.*)  Plaintiff received a "Notice to Employee as to Change in Relationship" signed by

13  Adam Gomez and dated January 23, 2012, which indicated Plaintiff was "[n]ot a cultural fit for PCL."

14  (*Id.* at 8.)  Mr. Gomez noted that Plaintiff refused to sign the document.  (*Id.* at 9.)

15       On February 10, 2012, Plaintiff signed an "Agreement of Separation," which provided he would

16  be paid $10,000 "as compensation for the releases contemplated by th[e] Agreement."  (Doc. 1 at 6.)

17  Also, under the terms of the Agreement, Plaintiff was to be provided "a written employment reference

18  letter" from Defendant. (*Id.*) Plaintiff asserts he "enter[ed] the agreement because the original letter of

19  termination dated 01-23-12 listed the reason for termination as 'not a good cultural fit for PCL' and

20  human resources staff informed Plaintiff that it would not affect his unemployment benefits."  (*Id.* at 2.)

21  However, the Texas Workforce Commission ("the Commissioner") denied Plaintiff's application for

22  unemployment compensation.  (*Id.*)

23       According to Plaintiff, he applied for unemployment benefits with the Commission.  (Doc. 1 at

24  2, 11.)  The Commission requested information from PCL regarding Plaintiff's termination, and left a

25  telephone message for PCL on February 23, 2012.  (*Id.* at 2, 10.)  Plaintiff alleges that on February 23,

26  2012, "Defendant modified the . . . letter of termination to read as follows "not a good cultural fit for

27  PCL due to insubordinate behavior with a supervisor."  (Doc. 1 at 2.)  The amendments to the notice

28  were made by Adrian Nevarez, who indicated: "Error made when preparing the form."  (*Id.* at 9.)

Plaintiff alleges that as a result of the modifications, he "was denied unemployment compensation in the amount of $1260.00 a month for approximately 8 months." (*Id.* at 2.)  Further, Plaintiff contends he "would not have entered the settlement agreement had he know[n] that the Defendant would modify the letter of termination." (*Id.*)

Plaintiff alleges Defendant sent a letter to the Commission on May 15, 2013, "stating that Plaintiff did not commit misconduct." (Doc. 1 at 3.)  He asserts that Defendant committed unlawful employment practices which "effectively denied Plaintiff of equal employment because of his race." (*Id.* at 2.)

## V.    Discussion and Analysis

Plaintiff identifies this "an action under Title VII of the Civil Rights Act of 1964 and Title 1 of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race." (Doc. 1 at 1.)  Under Title VII, it is "an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1); *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993).  The Supreme Court determined this provision guarantees "the right to work in an environment free from discriminatory intimidation, ridicule, and insult." *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 65 (1986).  A plaintiff may allege racial discrimination in violation of Title VII by disparate treatment, or by facts establishing the existence of a hostile work environment. *Sischo-Nownejad v. Merced Community College Dist.*, 934 F.2d 1104, 1109 (9th Cir. 1991) (citing *Int'l Brotherhood of Teamsters v. United States*, 431 U.S. 324, 335 n.15 (1977); *Jordan v. Clark*, 847 F.2d 1368, 1373 (9th Cir. 1988); *EEOC v. Borden's, Inc.*, 724 F.2d 1390, 1392 (9th Cir. 1984)).

### A.    Disparate Treatment

To prevail on a claim of disparate treatment, a plaintiff must allege sufficient facts that give rise to an inference of unlawful discrimination.  Specifically, a plaintiff states a cognizable claim for disparate treatment if he alleges that (1) he belongs to a class protected by Title VII; (2) he performed his job satisfactorily; (3) he suffered an adverse employment action; and (4) "the plaintiff's employer treated the plaintiff differently than a similarly situated employee who does not belong to the same

1  protected class as the plaintiff." *Cornwell v. Electra Central Credit Union*, 439 F.3d 1018, 1028 (9th

2  Cir. 2006) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)).  Here, Plaintiff has

3  not alleged he performed his job satisfactorily, or that "other employees *with qualifications similar to*

4  *[his] own* were treated more favorably."  *See Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1220 (9th

5  Cir. 1998) (emphasis added).  Accordingly, Plaintiff's has not pleaded facts sufficient to support a

6  claim of disparate treatment.

7          B.      Hostile Work Environment

8          To state a claim under Title VII for hostile work environment based upon race, an employee

9  must allege: "(1) that he was subjected to verbal or physical conduct of a racial . . . nature; (2) that the

10  conduct was unwelcome; and (3) that the conduct was sufficiently severe or pervasive to alter the

11  conditions of the plaintiff's employment and create an abusive work environment."  *Vasquez v. County*

12  *of Los Angeles*, 349 F.3d 634, 642 (9th Cir. 2003); *see also Dawson v. Entek Int'l*, 630 F.3d 928, 939

13  (9th Cir. 2011).

14          A plaintiff must demonstrate "the conduct at issue was both objectively and subjectively

15  offensive: he must show that a reasonable person would find the work environment to be 'hostile or

16  abusive,' and that he in fact did perceive it to be so."  *Dawson*, 630 F.3d at 938 (quoting *Faragher v.*

17  *City of Boca Raton*, 524 U.S. at 775, 787 (1998)).  The "severe or pervasive" element has both

18  objective and subjective components, and courts consider "not only the feelings of the actual victim,

19  but also 'assume the perspective of the reasonable victim.'"  *EEOC v. Prospect Airport Servs.*, 621

20  F.3d 991, 998 (9th Cir. 2010) (quoting *Brooks v. City of San Mateo*, 229 F.3d 917, 924 (9th Cir. 2000)).

21          Here, Plaintiff has not alleged he was subjected to unwelcome conduct of a racial nature.

22  There are insufficient facts in the Complaint for the Court to find he was the victim of a hostile work

23  environment.  Because Plaintiff has not stated facts to support this claim, it must be **DISMISSED**.

24  **VI.     Conclusion and Order**

25          Plaintiff will be given an opportunity to file an amended complaint to plead sufficient facts

26  supporting his claims.  *See Lopez*, 203 F.3d at 1127-28; *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th

27  Cir. 1987).  Plaintiff is admonished to provide more than conclusions in hsi complaint, and provide a

28  short, plain statement of the case, including facts that support his allegations.  *See* Fed. R. Civ. P. 8(a);

5

*Iqbal*, 556 U.S. at 678-79.  Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level…" *Bell Atl. Corp v. Twombly*, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

Plaintiff is advised the Court cannot refer to a prior pleading in order to make his amended complaint complete.  As a general rule, an amended complaint supersedes the original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, once Plaintiff files an amended complaint, the original pleading no longer serves any function in this action.

The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."  Finally, Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986) (citing *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).

Based upon the foregoing, **IT IS HEREBY ORDERED**:

1. Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) is **GRANTED**;

2. Plaintiffs' Complaint is **DISMISSED with leave to amend**; and

3. Plaintiff is **GRANTED** thirty days from the date of service of this Order to file a First Amended Complaint.

Plaintiff is cautioned that failure to comply with this order will result in a recommendation that this action be dismissed pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated:   __August 22, 2013__                        _____/s/ Jennifer L. Thurston_
UNITED STATES MAGISTRATE JUDGE

6