UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENNIE LEN BULLOCK,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PCL INDUSTRIAL SERVICS, INC.,<br><br>　　　　Defendant. | Case No.: 1:13-cv-01233- LJO – JLT<br><br>ORDER FINDING SERVICE OF PLAINTIFF'S FIRST AMENDED COMPLAINT APPROPRIATE AND FORWARDING SERVICE DOCUMENTS TO PLAINTIFF FOR COMPLETION WITHIN THIRTY DAYS |

Plaintiff Bennie Bullock is proceeding *pro se* and *in forma pauperis* in this action, asserting a violation of his civil rights by PCL Industrial Services, Inc. ("Defendant" or "PCL"). (Doc. 4). For the following reasons, the Court finds Plaintiff has stated a cognizable claim, and service of the First Amended Complaint is appropriate.

**I.    Screening Requirement**

When an individual is proceeding *in forma pauperis*, the Court shall dismiss a complaint, or portion of the complaint, if it is "frivolous, malicious or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2). The Court must screen the First Amended Complaint because an amended complaint supersedes the previously filed complaint. *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

///

## II.     Pleading Requirements

The Federal Rules of Civil Procedure set forth the general requirements for adequate pleading. A complaint must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The purpose is to give the defendant fair notice of the claims against him, and the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 679 (citations omitted). When factual allegations are well-pled, a court should assume the truth and determine whether the facts would make the plaintiff entitled to relief; conclusions in the pleading are not entitled to the same assumption of truth. *Id.*

## III.    Plaintiff's Allegations

Plaintiff alleges he worked for PCL "as fire watch" until January 23, 2012. (Doc. 4 at 3). He asserts that on January 22, 2012, he was approached at his fire watch post by a safety representative for Defendant's client, who "asked to see the 'job hazard analysis.'" *Id.* at 2. The representative reviewed the document with Plaintiff, which was completed by another member of his crew, "and said that he

2

wanted the wording to be more specific." *Id.* Plaintiff alleges he was asked to convey this information during the 7 am safety meeting to be held the next morning. *Id.* According to Plaintiff, "the client's safety rep then approached the Superintendent and threatened to shut down the jobsite down if the job hazardous analysis was not filled out properly." *Id.*

Plaintiff alleges that at the safety meeting on January 23, 2012, "he was rebuffed by Mr. Gibson and members of his crew" each time he "tried to convey the message that 'the wording needed to be more specific.'" (Doc. 4 at 2). Plaintiff asserts "the foreign nationals and Mexicans were allowed to give input" at the meeting, while he was not permitted to do so. *Id.* Later the same morning, Plaintiff approached Mr. Gibson, a foreman, and he was told to "go see the Superintendent." *Id.* at 3. According to Plaintiff, he was fired by Defendant "for refusing to sign a false misconduct written by … [Mr.] Gibson." *Id.* He alleges: "Mr. Gibson falsely claimed that Plaintiff threatened him and supported his claim with statements coerced and coaxed from members of his crew." *Id.*

Plaintiff received a "Notice to Employee as to Change in Relationship" signed by Adam Gomez and dated January 23, 2012, which indicated Plaintiff was "not a cultural fit for PCL." (Doc. 4 at 3). Mr. Gomez noted that Plaintiff refused to sign the document. *Id.* at 9.

On February 10, 2012, Plaintiff signed an "Agreement of Separation," which provided he would be paid $10,000 "as compensation for the releases contemplated by th[e] Agreement." (Doc. 4 at 7). Also, under the terms of the Agreement, Plaintiff was to be provided "a written employment reference letter" from Defendant. *Id.* Plaintiff asserts he "enter[ed] the agreement because the original letter of termination dated 01-23-12 listed the reason for termination as 'not a good cultural fit for PCL' and human resources staff informed Plaintiff that it would not affect his unemployment benefits." *Id.* at 3. However, the Texas Workforce Commission ("the Commission") denied Plaintiff's application for unemployment compensation. *Id.*

According to Plaintiff, after he applied for unemployment benefits with the Commission, it requested information from PCL regarding Plaintiff's termination, and left a telephone message for PCL on February 23, 2012. (Doc. 4 at 3, 11.) Plaintiff alleges that on February 23, 2012, "Defendant modified the . . . letter of termination to read as follows "'not a good cultural fit for PCL due to insubordinate behavior with a supervisor.'" *Id.* at 3. The amendments to the notice were made by

3

Adrian Nevarez, who indicated: "Error made when preparing the form." *Id.* at 11.  Plaintiff alleges that as a result of the modifications, he "was denied unemployment compensation in the amount of $1260.00 a month for approximately 8 months." *Id.* at 3.  Further, Plaintiff contends he "would not have entered the settlement agreement had he known that the Defendant would modify the letter of termination." *Id.*

Plaintiff alleges Defendant sent a letter to the Commission on May 15, 2013, "stating that Plaintiff did not commit misconduct." (Doc. 4 at 3). He asserts Defendant committed employment practices that "effectively deprived Plaintiff of equal employment because of his race." *Id.*

### IV.    Discussion and Analysis

Plaintiff identifies this "an action under Title VII of the Civil Rights Act of 1964 and Title 1 of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race." (Doc. 1 at 1.)  Under Title VII, it is "an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1); *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993).  The Supreme Court determined this provision guarantees "the right to work in an environment free from discriminatory intimidation, ridicule, and insult." *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 65 (1986).  A plaintiff may allege racial discrimination in violation of Title VII by disparate treatment, or showing a hostile work environment. *Sischo-Nownejad v. Merced Community College Dist.*, 934 F.2d 1104, 1109 (9th Cir. 1991) (citing *Int'l Brotherhood of Teamsters v. United States*, 431 U.S. 324, 335 n.15 (1977).  Here, Plaintiff asserts he "is a victim of disparate treatment." (Doc. 4 at 2).

To prevail on a claim of disparate treatment, a plaintiff must allege sufficient facts that give rise to an inference of unlawful discrimination.  Specifically, a plaintiff states a cognizable claim for disparate treatment if he alleges that (1) he belongs to a class protected by Title VII; (2) he performed his job satisfactorily; (3) he suffered an adverse employment action; and (4) "the plaintiff's employer treated the plaintiff differently than a similarly situated employee who does not belong to the same protected class as the plaintiff." *Cornwell v. Electra Central Credit Union*, 439 F.3d 1018, 1028 (9th Cir. 2006) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)).

Here, Plaintiff is a member of a protected class, and alleges he "performed his job as fire watch in a satisfactory manner." (Doc. 4 at 2). Although this is a legal conclusion, Plaintiff supports his assertion by noting Defendant admitted he was not fired for any misconduct, and the letter of termination dated January 23, 2012 stated he "was fired for not being a good cultural fit[] as opposed to inadequate job performance." *Id.* Further, Plaintiff alleges his employment with Defendant was terminated, which is an adverse employment action under Title VII. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002); *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1094 (9th Cir. 2008).

Finally, Plaintiff alleges he was treated differently than those of different races who were assigned to his crew. As a specific example, Plaintiff points to the safety meeting that took place the same day he was terminated, where the other members of his crew, including "foreign nationals and Mexicans," were permitted to give input, while he was repeatedly "rebuffed" for speaking up. (Doc. 4 at 2). Thus, Plaintiff alleges Defendant treated him differently than similarly situated individuals who were not of the same race as Plaintiff, and has stated a cognizable claim for disparate treatment in violation of Title VII.

## V.     Conclusion and Order

Plaintiff has alleged facts sufficient to state a cognizable claim for a violation of Title VII by Defendant, and service of the First Amended Complaint is appropriate.

Based upon the foregoing, **IT IS HEREBY ORDERED**:

1. Service of Plaintiff's complaint is appropriate for, and shall be initiated on Defendant PCL Industrial Services, Inc.;

2. The Clerk of the Court is directed to send Plaintiff one USM-285 form, one summons, one Notice of Submission of Documents form, an instruction sheet, and a copy of the First Amended Complaint filed on September 19, 2013 (Doc. 4).

3. Within **thirty (30) days** from the date of this order, Plaintiff **SHALL** complete the attached Notice of Submission of Documents and submit the completed Notice to the Court with the following documents:

    a. One completed USM-285 form for the defendant;

    b. One completed summons for the defendant; and

        c.      Three (3) copies of the endorsed complaint.

4.    Plaintiff need not attempt service on Defendants and need not request waiver of service. Upon receipt of the above-described documents, the Court will direct the United States Marshal to serve Defendant pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

5.    **Plaintiff is cautioned that failure to comply with this order will result in dismissal of the action pursuant to Local Rule 110.**

IT IS SO ORDERED.

Dated:   **September 23, 2013**                 /s/ Jennifer L. Thurston
                                                          UNITED STATES MAGISTRATE JUDGE