UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENNIE LEN BULLOCK,<br><br>   Plaintiff,<br><br>   v.<br><br>PCL INDUSTRIAL SERVICES, INC.,<br><br>   Defendants. | Case No.: 1:13-cv-01233 - LJO - JLT<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. 15) |

On February 7, 2014, Plaintiff Bennie Len Bullock ("Plaintiff") filed motion for appointment of counsel, asserting he "is unskilled and untrained in law," and that he "lacks the resources to retain counsel." (Doc. 15 at 1.)  In addition, Plaintiff observes Defendant PCL Industrial Services, Inc. has filed a motion to dismiss, and Plaintiff argues that "the interest of justice and fundamental fairness requires appointment of [c]ounsel to present the merits of Plaintiff's case and protect his constitutional right to be free from employment discrimination." (*Id.*)

In most civil cases, there is no constitutional right to counsel, but the Court may request an attorney to represent indigent persons.  28 U.S.C. § 1915(e)(1).  However, the Court cannot *require* representation of a plaintiff pursuant to 28 U.S.C. § 1915.  *Mallard v. U.S. District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989).  Nevertheless, in "exceptional circumstances," the Court has discretion to request the voluntary assistance of counsel.  *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997).

1

To determine whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).  Here, Plaintiff has demonstrated that he is able to state his position in an intelligible manner before the Court.  In addition, Plaintiff has shown he is able to meet deadlines set by the Court and respond to its orders.  Further, at this early stage in the proceeding, the Court is unable to make a determination that Plaintiff is likely to succeed on the merits.  Therefore, the Court does not find the required exceptional circumstances at this time.

Accordingly, **IT IS HEREBY ORDERED**: Plaintiff's motion for the appointment of counsel (Doc. 15) is **DENIED WITHOUT PREJUDICE**.

IT IS SO ORDERED.

Dated:   **February 11, 2014**              /s/ Jennifer L. Thurston
                                            UNITED STATES MAGISTRATE JUDGE